ALBERT SIDNEY FAIN V. STATE

No. 34,168. February 14, 1962
Motion for Rehearing Overruled April 18, 1962

*Howard J. Hendrix,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Frank Puckett, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the State.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 365 days in jail and a fine of $50.

Deputy Sheriff J. W. Ratliff testified that on the night in question while on patrol duty with his partner, Jack Middleton, they met an automobile being driven by appellant on Little York Road which was weaving back and forth across the road and that they proceeded to turn around and stop the appellant. Deputy Ratliff testified that after stopping the appellant they found a six pack of beer in the back seat of his automobile and three bottles or cans of beer in the front seat which were partially empty. He further stated that at such time appellant had a strong odor of alcohol on his breath; that he was unsteady on his feet and that in his opinion appellant was at the time intoxicated.

Deputy Sheriff Middleton and Officer Wheatly, who was riding with the two deputies on the night in question, were called as witnesses by the State and corroborated the testimony of Deputy Sheriff Ratliff in his description of appellant's actions and appearance and expressed their opinion that appellant was intoxicated.

Testifying as a witness in his own behalf, appellant denied that he was drunk on the night in question and stated that he had consumed only one beer. He further testified that he had been taking medicine which caused him to become drowsy. Witnesses were called by appellant, including two women passengers in the car with him, who testified in support of his contention that he was not intoxicated.

The jury chose to accept the testimony of the State's witnesses and to reject that of appellant and we find the evidence sufficient to sustain their verdict.

Appellant predicates his appeal upon the contention that the

court erred in overruling his amended motion for new trial based upon alleged jury misconduct.

At the hearing on said amended motion the juror Straub testified as follows:

"Question: State whether or not anything was stated about this being the third or second offense of Mr. Fain.

"Answer: Yes. Definitely there was discussion there. * * * There definitely was discussion. There was bound to be, while it was never brought out it was not permissible — any previous offense of a person — there was naturally a certain amount of supposition there, and you yourself (appellant's counsel) kept bringing out in the trial that it was very important that he not be found guilty because there would be the possibility that he would lose his driver's license.

"So naturally, the Jury was led to believe that he had been a previous offender. We didn't know one way or the other. That was for us to determine. That was just one of the points we based our judgment on.

\*     \*     \*     \*     \*

"Q: And was there evidence introduced in the trial that this man had committed some traffic offense before?

"A: As I recall, the officer said that immediately after apprehending Mr. Fain, he had made the statement that he didn't want to get another ticket or something to that effect.

"Q: All right. I will ask you whether or not there was any consideration of anything else other than that, any discussion of anything like that, in the Jury Room?

"A: Definitely not."

The record reflects that on cross-examination by appellant's counsel the arresting officer testified that appellant told him at the time of his arrest "if he got *another* traffic *conviction* he would lose his driver's license". Thus we see that the discussion in the Jury Room related to testimony adduced during the trial.

Under the record the court did not err in overruling the amended motion for new trial.

The remaining contention that appellant has been deprived of a complete statement of facts of the evidence adduced upon the hearing of the motion for new trial is without merit. The record reflects that on July 14, the appellant was accorded a full hearing on his amended motion for new trial and the statement of facts includes all of the evidence adduced at the hearing.

The judgment is affirmed.

Opinion approved by the Court.